IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| JOE HARRY PEGG | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 94-38-Cr-FTM-17D |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF JOE HARRY PEGG'S MOTION TO VACATE PRELIMINARY ORDER OF FORFEITURE

Comes now, Plaintiff, Joe Harry Pegg, ("Pegg") by and through counsel, moves this Court to vacate its Preliminary Order of Forfeiture entered on March 29, 1996 as the Court did not have jurisdiction to enter this Order. The grounds for this Motion are set forth below.

### INTRODUCTION

On February 16, 1996, Pegg was sentenced in the United States District Court for the Middle District of Florida (Ft. Myers Division) in Case No. 94-CR-38-FTM-17. Pegg's sentence, which was pursuant to a plea agreement, provided for 360 months imprisonment, a five-hundred thousand dollar ($500,000) fine, and five (5) years supervised release. We have attached a copy of Pegg's Sentence as "Exhibit A" to this Motion. It is important to note that Pegg's sentence did not contain any provisions with regard to forfeiture, nor did it contain a Final Order of Forfeiture.

On March 29, 1996, forty-one days after Pegg was sentenced, the court entered a Preliminary Order of Forfeiture, in which an interest was claimed in the property which is

the subject of this Motion.[1] To date, there has been no Final Order of Forfeiture, however there have been third-party claims. In apparent reliance upon a "Preliminary Order of Forfeiture," entered forty-one (41) days after Pegg was sentenced, and without any Final Order of Forfeiture, the Government has placed liens on the properties listed in "Exhibit C" to this Motion.

The Court was without jurisdiction to enter the Preliminary Order of Forfeiture forty-five (45) days after Pegg's sentence was entered. Accordingly, the Preliminary Order of Forfeiture should be vacated.

## JURISDICTION

This Court has jurisdiction as the sentencing and the subsequent Preliminary Order of Forfeiture were entered in the Middle District of Florida.

## ARGUMENT

**The Preliminary Order of Forfeiture Is Invalid Because No Forfeiture Order Was Incorporated in Pegg's Sentence and the Government Failed To Timely Amend Pegg's Sentence.**

It is well settled that criminal forfeiture must be made part of a defendant's sentence. *Libretti v. United States*, 516 U.S. 29, 40 & 41, 116 S. Ct. 356 (1995), *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), *United States v. Gilbert,* 244 F.3d 888 (11th Cir.2001). The facts of the instant case mirror the facts in the 11th Circuit cases of *United States v. Pease and United States v. Petrie*.

In *Pease*, 331 F.3d at 811, the defendant pled guilty to conspiracy to possess cocaine with intent to distribute. The defendant's plea agreement provided that he agreed to forfeit his interest in certain real and personal property. After the plea was entered, the trial court entered a preliminary order of forfeiture. The Government published notice of

---

[1] This Preliminary Order of Forfeiture is attached as "Exhibit B" to this Motion.

2

94-38-Cr-FTM-17D

preliminary order to third parties, and the defendant and two third-party claimants filed petitions claiming an interest in the property, pursuant to Section 853(n).  However, at sentencing, the trial court failed to make the preliminary order a part of its judgment.  The prosecutor forgot to ask the court at sentencing to provide that the defendant forfeit his interest in the property to the United States as part of the sentencing package. *Id*. at 815.

The defendant then moved to dismiss the ancillary proceeding, arguing that that because the judgment in his criminal case did not include a final order of forfeiture, the court lacked the authority to entertain the ancillary proceeding. 331 F.3d at 812.  Realizing its error, the Government moved the trial court to amend its judgment to include a final order of forfeiture pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which authorizes a court to correct "[c]lerical mistakes in judgments ... arising from oversight or omission ... at any time." *Id*; Fed. R. Crim. P. 36.  A magistrate judge issued a report and recommendation which recommended that the court's judgment be amended, and this recommendation was adopted by the court. *Id*.  The defendant appealed his conviction and sentence, arguing that the trial court erred in amending the judgment to include a final order of forfeiture. *Id*. at 815.

The Eleventh Circuit noted that "[t]he United States cannot acquire a convicted defendant's interest in property forfeited under [Section] 853… *unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case*." 331 F.3d at 813 (emphasis supplied).  The Court further recognized that, "the issuance of a preliminary order of forfeiture under Rule 32(d)(2) does not relieve the district court of *the obligation to include an order of forfeiture in its judgment* if forfeiture to the United

94-38-Cr-FTM-17D

preliminary order to third parties, and the defendant and two third-party claimants filed petitions claiming an interest in the property, pursuant to Section 853(n).  However, at sentencing, the trial court failed to make the preliminary order a part of its judgment.  The prosecutor forgot to ask the court at sentencing to provide that the defendant forfeit his interest in the property to the United States as part of the sentencing package. *Id*. at 815.

The defendant then moved to dismiss the ancillary proceeding, arguing that that because the judgment in his criminal case did not include a final order of forfeiture, the court lacked the authority to entertain the ancillary proceeding. 331 F.3d at 812.  Realizing its error, the Government moved the trial court to amend its judgment to include a final order of forfeiture pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which authorizes a court to correct "[c]lerical mistakes in judgments ... arising from oversight or omission ... at any time." *Id*; Fed. R. Crim. P. 36.  A magistrate judge issued a report and recommendation which recommended that the court's judgment be amended, and this recommendation was adopted by the court. *Id*.  The defendant appealed his conviction and sentence, arguing that the trial court erred in amending the judgment to include a final order of forfeiture. *Id*. at 815.

The Eleventh Circuit noted that "[t]he United States cannot acquire a convicted defendant's interest in property forfeited under [Section] 853… *unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case*." 331 F.3d at 813 (emphasis supplied).  The Court further recognized that, "the issuance of a preliminary order of forfeiture under Rule 32(d)(2) does not relieve the district court of *the obligation to include an order of forfeiture in its judgment* if forfeiture to the United

94-38-Cr-FTM-17D

States is to come to fruition--that is, the Government actually acquires the defendant's interest in the subject property." *Id*. (emphasis supplied).

The Court further concluded that a finding that a final order of forfeiture was not required to be included in a court's judgment would be inconsistent with the requirements in 18 U.S.C. § 3554, 21 U.S.C. § 853, Rule 32(d)(2) and its holding in *United States v. Gilbert* that criminal forfeiture is a part of a defendant's sentence. *Id*. at 814. The Eleventh Circuit affirmatively held that criminal forfeiture must be made part of a defendant's sentence. *Id*. at 814-15.

The Eleventh Circuit Court of Appeals reached a similar result in *United States v. Petrie*, 302 F.3d 1280, 1283 (11th Cir. 2002), where the jury convicted the defendant of conspiracy to launder money and returned a special verdict finding that various property was subject to forfeiture, including money in a offshore bank account. However, at sentencing, the judgment and commitment order merely stated that the defendant was subject to forfeiture, as alleged in the indictment. *Id*. at 1284. The Government failed to move for entry of a preliminary order of forfeiture until six (6) months after sentencing. *Id*. The Eleventh Circuit vacated the preliminary forfeiture order, holding that the trial court lacked jurisdiction to enter the forfeiture order after sentencing. *Id*. 1284-85 & 91.

In *United States v. Abner*, 231 F.Supp.2d 1181, 1182 & 83 (M.D.Fla. 2002), the jury returned verdicts finding the defendants guilty of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846, and finding that certain real property owned by the defendants was subject to criminal forfeiture, pursuant to Section 853. The district court issued a preliminary order of forfeiture as to the real property. *Id*.

94-38-Cr-FTM-17D

at 1183.  However, the judgments at the defendants' sentencing contained no mention of forfeiture. *Id*.  Following *Gilbert*, the district court then:

> [V]acated the preliminary order of forfeiture, ending all forfeiture litigation. Specifically, the Court held that the preliminary orders of forfeiture were not part of [the defendants'] sentences, so the forfeiture orders did not forfeit the defendants' property to the government. *The failure to include forfeiture in the defendants' sentences rendered null the forfeiture verdicts and the pre-sentence forfeiture orders*.

*Id*. at 1184 (emphasis supplied; internal citations omitted).

The failure to enter the preliminary order of forfeiture at the time of Pegg's sentence renders this Order invalid, as the Court was without jurisdiction to enter the Order.  Accordingly, the Preliminary Order of Forfeiture is not valid and should be vacated.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court vacate the Preliminary Order of Forfeiture.

          Respectfully submitted,

          JOE HARRY PEGG

          By:_____
                       Counsel

William V. Roppolo, Esq.
Sean M. Ellsworth, Esq.
Ellsworth Roppolo, P.A.
404 Washington Avenue
Suite 750
Miami Beach, Florida 33139
(305) 535-2529 (fax)

Counsel for Plaintiff
Joe Harry Pegg

94-38-Cr-FTM-17D

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail delivery on this 13th day of January, 2005, to ANITA CREAM, ESQUIRE, Assistant United States Attorney, Middle District of Florida, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

 

_____
William V. Roppolo, Esq.